TARA K. MCGRATH
United States Attorney
DAVID P. FINN
Assistant U.S. Attorney
California Bar No: 249247
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7342

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>GIOVANNI DIAZ,<br><br>                    Defendant. | Case No. 23CR0872-RBM<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and David P. Finn, Assistant United States Attorney, and defendant, GIOVANNI DIAZ, with the advice and consent of Brittany L. Sherron, counsel for defendant, as follows:

//
//
//
//
//
//

DPF:12/7/23

Def. Initials GD

I

**THE PLEA**

Defendant agrees to plead guilty to Count 1 the Superseding Information charging defendant with:

**COUNT 1**

On or about March 21, 2023, within the Southern District of California, defendant, GIOVANNI DIAZ did knowingly and intentionally distribute 5 grams or more of methamphetamine, to wit: 14.9 grams of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

Defendant agrees further that, following entry of defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. With respect to any controlled substance seized in connection with this case, defendant agrees that, following entry of defendant's guilty plea, the Government need not preserve, and may destroy, the controlled substance thirty (30) days after the Government has provided defendant with the laboratory analysis report. If defendant believes that additional testing is needed, defendant will arrange for, and complete, such testing within the above-referenced thirty (30) day period, unless that period is extended by joint written agreement between the parties or by order of the Court, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. Furthermore, if the court has issued a preservation order in connection with any seized evidence, the defendant agrees to jointly request that the Court lift or revoke the preservation order following entry of defendant's guilty plea.

Defendant consents to the forfeiture allegations of the Superseding Information and agrees to the forfeiture of all properties seized in

2

Def. Initials GD

23CR0872-RBM

connection with the case.  Forfeiture is more fully described in Section X below.

The United States agrees to dismiss remaining counts at the conclusion of the sentencing hearing, provided all terms of the plea agreement have been met.

B.    Timeliness/Offer Revocation

The disposition contemplated by this Agreement is conditioned on Defendant entering or tendering his guilty plea to the magistrate court on or before ~~December 14, 2023~~. OPF BLS
January 31, 2024 II GD

### NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offenses to which defendant is pleading guilty has the following elements:

#### Count 1

1.    Defendant knowingly possessed methamphetamine; and

2.    Defendant possessed the methamphetamine with the intent to deliver it to another person.

#### Enhanced Penalty

1.    The offense involved 5 grams or more of actual methamphetamine.

As to the forfeiture, Defendant understands the Government would have to prove by a preponderance that the properties it seeks to forfeit are proceeds of the offense or properties used or intended to be used to commit or to facilitate the commission of the offense.

///

3

Def. Initials GD

23CR0872-RBM

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    On March 10, 2023, the defendant knowingly and intentionally sold 26.7 grams of fentanyl to an uncover law enforcement officer (UC) in exchange for $1,850 dollars.

2.    On March 16, 2023, the defendant knowingly and intentionally sold 127.5 grams of fentanyl to the UC for $3,500 dollars.

3.    On March 17, 2023, the defendant knowingly and intentionally sold 22 grams of actual methamphetamine to the UC for $110 dollars.

4.    On March 21, 2023, the defendant knowingly and intentionally sold 14.9 grams of actual methamphetamine to the UC and facilitated the sale of an un-serialized Privately Made Firearm (ghost gun) for $1,365 dollars. On this date, the defendant possessed the firearm at the same time as the methamphetamine.

## III

## PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

### Count 1

A.    A maximum of 40 years in prison;
and a mandatory minimum of 5 years;

B.    A maximum $5,000,000 fine;

C.    A mandatory special assessment of $100.00 per count;

D.    A term of supervised release of at least 4 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve

4

Def. Initials GD

23CR0872-RBM

in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.   Possible ineligibility for certain federal benefits; and

F.   Forfeiture of all property constituting or derived from proceeds of the offense and all property used or intended to be used to commit or to facilitate the commission of the offense.

IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.   Not testify or have any adverse inferences drawn from the failure to testify.

V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant.   The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses.   In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense.   By pleading guilty, defendant will not be provided this

5

Def. Initials ⬡𝒟
23CR0872-RBM

information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened defendant or defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

6

Def. Initials ___

23CR0872-RBM

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

7

Def. Initials 6D

23CR0872-RBM

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

### Count 1:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] (converted drug weight 1,122.5kgs) | 30 |
| 2. | Possession of a Firearm [USSG 2D1.1(b)(10] | +2 |
| 3. | Acceptance of Responsibility [USSG § 3E1.1] | -3** |
| 4. | Combination of Circumstances [USSG § 5K2.0] | -1 |

**   **The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.**

B.   ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A above, the Government will not recommend any adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

8

Def. Initials GV

23CR0872-RBM

3.    Is untruthful with the Government, the Court or probation officer; or

4.    Breaches this plea agreement in any way.

C.    NO FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553, subject to the limitations outlined in Section F. PARTIES' RECOMMENDATIONS and subject to any applicable statutory minimum mandatory. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" section of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend the statutory mandatory minimum sentence.

The parties will also recommend at least 4 years of supervised release to include the following special condition:

> Defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicionless search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant,

9

Def. Initials GD

23CR0872-RBM

and with or without cause, and if stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

G.    SPECIAL ASSESSMENT/FINE/FORFEITURE

1.    Special Assessment

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.    The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

3.    Forfeiture.

The Defendant agrees and consents to the forfeiture to the United States of all property seized in connection with this case, including, but not limited to any and all firearms, ammunition, and firearm parts and accessories seized on the dates of the offenses and defendant's arrest in the Information. Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil

10                    Def. Initials GO

23CR0872-RBM

forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of

11                        Def. Initials GD
                          23CR0872-RBM

any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture is completed.

### H.    SUPERVISED RELEASE

The Government is free to recommend any period and any terms of supervised release.  If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence.  This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise,

12                    Def. Initials GD
                              23CR0872-RBM

such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.   Failing to plead guilty pursuant to this agreement;

B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.   Failing to appear in court;

D.   Attempting to withdraw the plea;

E.   Failing to abide by any court order related to this case;

F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea.

13

Def. Initials G̶D̶

23CR0872-RBM

Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native

14

Def. Initials GD

23CR0872-RBM

language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

**XV**

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

TARA K. MCGRATH
U.S. Attorney

1/19/2024
_____
DATED

DAVID P. FINN
Assistant U.S. Attorney

_____
DATED

Brittany L. Sherron
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

12/19/23
_____
DATED

GIOVANNI DIAZ
Defendant

Approved by:

s/Josh Mellor
Josh Mellor
Assistant U.S. Attorney

15

Def. Initials GD
23CR0872-RBM